Bxjrke, J. (dissenting).
As I indicated only very recently in my dissent in the PATH case (Matter of Port Auth. Trans-Hudson Corp. [Hudson Rapid Tubes Corp.), 20 N Y 2d 457, 474) I am of the view that the award of original cost for commercially valueless “ easements ” of light and air made in the “ Spur ” case (Matter of City of New York [East 42nd St. El. R.R.), 265 N. Y. 170) was completely uncalled for. The unnecessary generosity of the award there was commented on with telling irony by Mr. Justice Cardozo when that case came before the Supreme Court—even though the court did not have to reach this issue, as the city was not an appellant in that court. There our former Chief Judge remarked: “ Much could be said in support of the position that the value of the so-called easements was nothing more than nominal. * * * Enough for present purposes that the award is not too low, though perhaps it is too high.” (Roberts v. New York City, 295 U. S. 264, 282.) The wisdom and continued vitality of this aspect of this court’s “ Spur” holding has been questioned even by *304 our own lower courts. (See the opinion of the Appellate Division in the instant case, 27 A D 2d 135, 138, where the court remarked that it felt ‘‘ constrained ’’ to hold in favor of the city here because of the ‘ ‘ Spur ’ ’ case, despite the ‘ ‘ seeming merit” of appellant’s arguments; see, also, the opinion of Mr. Justice Callahan, writing for the Appellate Division, First Department, in Matter of City of New York [Sixth Ave. El. R. R.], 265 App. Div. 200, 205-206.) I have no doubt but that we would today overrule, or restrict to its particular facts, this part of the “ Spur ” holding were it not for the fact that in the PATH case the ‘ ‘ Spur ’ ’ case was relied upon as authority for an award of original cost for the tunnel properties there condemned. In fact, it was the only judicial authority the majority in PATH could find for such an award.
Putting aside for a moment, however, my own disagreement with this aspect of the ‘ ‘ Spur ’ ’ decision, I am of the opinion that, even if it were to be considered good law on its facts, it should not control here where the equities are not at all the same as those present in the “ Spur ” case. Accepting, as I do, the propriety of a special assessment against neighboring property owners particularly benefited by a public improvement effectuated through condemnation (although it ought to be noted that the City of New York has since this proceeding was commenced abandoned such special assessments under the new City Charter), it would still be necessary, in my view, for the city, in order for such a levy to be proper, to show that it in fact made the expenditure which it now seeks to recover from the benefited property owners. The device employed here of condemnation by the city of property it already owns cannot disguise the fact that there is on this record no showing that the city in its 1940 purchase of this railroad paid any amount for these ‘ ‘ easements ’ ’. The city argues that the benefit conferred upon the abutting owners through the restoration to them of their unimpaired easements of light and air will constitute an unjust enrichment of these property owners unless they are made to pay at least some portion of what the railroad originally paid for the right to impair these easements. The city overlooks, however, the other requirement for application of the principle of unjust enrichment, the requirement that the party seeking a recovery on this theory has incurred *305 an expense or suffered some detriment causing this benefit to accrue to the other party (see Restatement, Restitution, § 1). Without such expense being demonstrated, the benefited party may properly regard its favor as being entirely fortuitous.
When the city in 1940 purchased for $164,000,000 all existing railroad lines of the Manhattan Railway Company and the Inter-borough Rapid Transit Company no apportionment of the purchase price was made as between the properties of the two companies or the various railway lines of each. Further, no apportionment was made as among the various assets of any single railroad line. The city might, for all we know, have paid nothing for these [1] ‘ easements ”, or much less than their original cost. This we may well never know. Thus, even if the ‘ ‘ Spur ’ ’ case were still to be followed, the city, in my view, has not yet made out a case for its application.
I would reverse.
Chief Judge Fuld and Judges Van Voorhis, Sceleppi, Bergan and Breitel concur with Judge Keating ; Judge Burke dissents and votes to reverse in a separate opinion.
Order affirmed.